UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  SACV 13-1235-JST (VBKx)                    Date:  August 30, 2013
Title:  Deutsche Bank National Trust Co. v. Victorino Hermosillo Jr., et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

|  Terry Guerrero  |  N/A  |
| :---: | :---: |
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not present                          Not present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT, CASE NO. 30-2012-00616838**

Plaintiff Deutsche Bank filed this unlawful detainer action against Defendants on December 7, 2012 in Orange County Superior Court, Case Number **30-2012-00616838**. (Notice of Removal ("Notice") at 26, Doc. 1.)  On August 14, 2013, Defendants removed this action asserting federal question jurisdiction under 28 U.S.C. 1331, civil rights jurisdiction under 28 U.S.C. § 1443, and diversity jurisdiction under 28 U.S.C. § 1332. (Notice at 9-10.)  Where a federal district court lacks subject-matter jurisdiction, it must remand the case, and has the discretion to do so *sua sponte*.  *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citing 28 U.S.C. § 1447(c)).  For the reasons discussed below, the Court sua sponte REMANDS this case to the Orange County Superior Court.

When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)).  Courts "strictly construe the removal statute against removal jurisdiction," and thus "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Moreover, removal is proper only in "state-court actions that originally could have been filed in federal court . . . ."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1235-JST (VBKx)                              Date:  August 30, 2013
Title:  Deutsche Bank National Trust Co. v. Victorino Hermosillo Jr., et al.

(1987).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

First, Defendants' removal is procedurally defective.  Defendants did not file the Notice of Removal within thirty days of receiving the complaint.  *See* 28 U.S.C. § 1446(b).  It has been almost nine months since this case was filed in Orange County Superior Court.

Second, Defendants removal is substantively defective as Defendants have failed to establish that this Court has jurisdiction.  Defendants first contend that federal question removal is proper.  However, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the *face of the plaintiff's properly pleaded complaint*."  *Caterpillar*, 482 U.S. at 392 (emphasis added).  There is no federal question apparent on the face of Plaintiff's Complaint, which alleges only a state law unlawful detainer claim.  *See IndyMac Fed. Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337, 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (sua sponte remanding an action to state court for lack of subject-matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *Galileo Fin. v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.  Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.").

Defendants also argue for civil rights removal, but fail to show that removal under Section 1443 is appropriate because they have not "reference[d] . . . a [California] state statute or a constitutional provision that purports to *command* the state courts to ignore [their] federal rights."  *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (emphasis added); *see Georgia v. Rachel*, 384 U.S. 780, 788 (1966).  Defendants allege that "California Civil Code procedures authorizing evictions violate 42 U.S.C. §§ 1981-1982" because "there is a pervasive state statutory program which both on its face and as applied discriminates unfairly against Ethnic-Surname Americans . . . ."  (Notice of Removal at 8-9.)  But Defendants fail to assert how any statute *commands* the state courts to ignore their federal rights.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1235-JST (VBKx)                    Date:  August 30, 2013

Title:  Deutsche Bank National Trust Co. v. Victorino Hermosillo Jr., et al.

Defendants also mention diversity jurisdiction as a ground for removal (Notice of Removal at 9-10), but then state that this is not a removal based on diversity of citizenship (Notice of Removal at 11).   Even if Defendants are asserting diversity jurisdiction, it is clear that the $75,000 amount-in-controversy requirement is not met because Plaintiff's complaint asserts damages of $10,000 or less.  (Notice Ex. 1 ("Compl.") at 1 (case was filed in a court of limited jurisdiction).)

For the foregoing reasons, the Court concludes that it lacks subject-matter jurisdiction over this case, and REMANDS it to Orange County Superior Court, Case Number **30-2012-00616838**.

Initials of Preparer:  tg